# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MALCOLM SIMMONS, an individual, and
ANTRONETTE SIMMONS, an individual,

    Plaintiffs,

vs.

**CLASS ACTION**

MONTEREY FINANCIAL SERVICES, LLC,
a California limited liability company, d/b/a
"Monterey Collections," and "Monterey Loan
Servicing,"

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, Malcolm Simmons and Antronette Simmons, individually and on behalf of all others similarly situated, sue Defendant, Monterey Financial Services, LLC, a California limited liability company, d/b/a "Monterey Collections," and "Monterey Loan Servicing," and allege:

### I.  PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III.   ALLEGATIONS AS TO PARTIES

3. Plaintiffs, Malcolm Simmons and Antronette Simmons (hereinafter collectively "the Simmons"), are *sui juris* and residents of Broward County, Florida.

4. At all times material hereto, Defendant, Monterey Financial Services, LLC, was a California limited liability company, doing business as "Monterey Collections," and "Monterey Loan Servicing" ("Monterey Collections" or "Debt Collector") in Broward County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Broward County, Florida.

## IV.   FACTUAL ALLEGATIONS

6. For an extended period of time, Defendant acted as the collection agency for various timeshare resort developments or timeshare vacation ownership properties, including but not necessarily limited to Grand Solmar Resort ("Grand Solmar").

7. In the course of its representation of the various timeshare associations, Defendant regularly collected or attempted to collect monies from consumers for unpaid purchase debts, delinquent timeshare loans, fees and assessments ("Timeshare Debts").

8. On or about, September 25, 2017, the Simmons entered into a Purchase and Sale Agreement ("Purchase and Sale Agreement") with Grand Solmar for the use of a vacation unit more particularly described therein.

9. A true and correct copy of the Purchase and Sale Agreement is attached hereto as Composite Exhibit "A."

10. The Simmons cancelled the Purchase and Sale Agreement within five (5) days of entering into same and received a credit for any monies paid to Grand Solmar as a down payment.

11. Subsequent to the cancellation of the Purchase and Sale Agreement, Grand Solmar retained Defendant to collect monies purported owed under the Purchase and Sale Agreement.

12. On or about May 22, 2018, Defendant sent or caused to be sent to the Simmons written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies ("Disputed Purchase Debt") purportedly owed by the Simmons to the Grand Solmar Resort under the Purchase and Sale Agreement ("Initial Collection Communication").

13. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated by reference as Exhibit "B."

14. Defendant through the Initial Collection Communication stated:

> Monterey Financial will accept the above stated balance in full satisfaction of the debt if payment is received by 05/27/2018. Please be advised that in the event payment is not received by this 05/27/2018, the above amount due may increase by the accrual of additional interest and fees.

("Payment Demand")

15. Defendant through the Initial Collection Communication attempted to collect unspecified "fees" in the amount of Fifty-three Dollars and 00/100 Cents ($53.01) ("Fee Claim").

16. The Purchase and Sale Agreement does not contain a contractual provision that would authorize the collection of the Fee Claim.

17. For an extended period of time prior to the filing of the instant action, Defendant has maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of the Initial Collection Communication to consumers such as the Simmons which demanded that the consumer pay "fees" in the amount of the Fee Claim.

## V. DEFENDANT'S PRACTICES

18. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "B" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

19. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "B" to consumers wherein Defendant charged or attempted to charge fees that Defendant was not entitled to collect under the Purchase and Sale Agreement and applicable law.

## VI. CLASS ACTION ALLEGATIONS

20. This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters the same form as Exhibit "B" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or

household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

21. Plaintiffs allege on information and belief based on the Defendant's use of letters in the form of Exhibit "B" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "B," Plaintiffs estimate that the class includes hundreds or thousands of class members.

22. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "B." The principal legal issues are whether Defendant's letters in the form of Exhibit "B" violate the FDCPA by (i) failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g (ii) by making false or misleading representations in violation of 15 U.S.C. §1692e, and (iii) by using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

23. The Simmons' claims are typical of those of the class members. All are based on the same facts and legal theories.

24. The Simmons will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

27. The Simmons request certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  ALLEGATIONS OF LAW

28. At all times material hereto, the Simmons were "consumer(s)" as said term is defined under 15 U.S.C. §1692a(3).

29. At all times material hereto, the Grand Solmar Resort and the various other timeshare properties represented by Defendant were a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

30. At all times material hereto, the Disputed Purchase Debt purportedly owed to the Grand Solmar Resort and the various other timeshare associations represented by Defendant were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

31. At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

32. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)  The amount of the debt;

(2)  The name of the creditor to whom the debt is owed;

(3)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  A statement that if the consumer notifies the debt collector in writing within the thirty-day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  A statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33. Through the use of the Payment Demand in the Initial Collection Communication which required "full satisfaction" or "payment" within five (5) days of the date of the Initial Collection Communication, Defendant provided a disclosure that overshadowed and was inconsistent with the disclosure of the consumer's right to dispute

the debt or request the name and address of the original creditor in contravention of 15 U.S.C. §1692g(b).

34. The conduct of Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et sequi*, including but not limited to:

    a. the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2) and e(10);

    b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

    c. the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

35. As a result of Defendant's conduct, Plaintiffs and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA. Accordingly, Plaintiffs and the class are entitled to an award of statutory and actual damages pursuant to 15 U.S.C. §1692k.

36. Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, Malcolm Simmons and Antronette Simmons, individually and on behalf of all others similarly situated, request judgment be entered in their favor and in favor of the class against Defendant, Monterey Financial Services, LLC,

a California limited liability company, d/b/a "Monterey Collections," and "Monterey Loan Servicing," for:

A. Declaratory judgment that Defendant's Exhibit "B" violates the FDCPA;

B. Statutory and actual damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs, Malcolm Simmons and Antronette Simmons, individually and on behalf of all others similarly situated, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

Dated this 7th day of March 2019.

Robert W. Murphy
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Fax: (954) 763-8607
E-Mails: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com

*Counsel for Plaintiffs*