IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 19:cv-60611-BB

MALCOLM SIMMONS
ANTRONETTE SIMMONS

            Plaintiffs,

vs.

MONTEREY FINANCIAL SERVICES, LLC
d/b/a Monterey Collections and Monterey Loan Servicing

            Defendant.

_____

**DEFENDANT, MONTEREY FINANCIAL SERVICES, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Monterey Financial Services, LLC d/b/a Monterey Collections and Monterey Loan Servicing ("MFS"), by and through its undersigned counsel, hereby moves this Court, pursuant to FED. R. CIV. P. 12(c), for an Order granting MFS's Motion for Judgment on the Pleadings, dismissing Plaintiffs Malcolm Simmons' and Antronette Simmons' (collectively "Plaintiffs") claims for violations of 15 U.S.C. §§ 1692e, 1692f and 1692g as the claims relate to overshadowing the validation notice required by 15 U.S.C. § 1692g(a)(1).

As set forth in detail in the Memorandum of Law supporting MFS's Motion for Judgment on the Pleadings, the alleged violation of 15 U.S.C. §§ 1692e, 1692f and 1692g must fail as a matter of law. As such, MFS moves this Court for dismissal of said cause of action.

**INTRODUCTION**

On March 7, 2019, Plaintiffs filed a Complaint alleging that MFS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Doc. 1. Plaintiffs contend that,

inter alia, the validation notice contained within a collection letter sent by MFS was overshadowed by a demand for payment. Doc. 1, ¶ 33. As set forth in detail herein, Plaintiffs' claim is without merit, as the text of the collection letter does not overshadow and is not inconsistent with Plaintiffs' right to validate the alleged debt. To the contrary, the language in MFS's letter is consistent with the Seventh Circuit's decision in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) and Second Circuit's decision in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016).

## FACTUAL BACKGROUND

The Complaint alleges that on or about September 25, 2017, Plaintiffs entered into a Purchase and Sale Agreement (the "Agreement") with Grand Solmar for the use of vacation unit. Doc. 1, ¶ 8. Plaintiffs further allege that Grand Solmar retained MFS to collect purported monies owed after Plaintiffs cancelled the Agreement. *Id.*, ¶¶ 10-11. In addition, Plaintiffs allege that on or about May 22, 2018, MFS sent Plaintiffs a collection letter related to the account with Grand Solmar (the "Letter"). *Id.*, ¶ 12; *see also* Doc. 1-2. The Letter explained that the Grand Solmar account balance was comprised of principal, interest, and fees, enumerating each with a total balance due of $10,808.43. Doc. 1-2. Below the balance amount due on the Letter is a statement that on May 27, 2018 the balance may increase due to the accrual of interest and fees. Doc. 1-2. Plaintiffs contend that the Letter demanded payment within five days of the date of the letter, which overshadowed and was inconsistent with Plaintiffs' debt validation rights. Doc. 1, ¶ 33. For the reasons set forth herein, the Letter did not demand payment. Moreover, the text of the Letter neither overshadows nor is inconsistent with Plaintiffs' right to dispute the debt or obtain verification as a matter of law.

**ARGUMENT**

**I.     Standard of Review**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *see also Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). When considering a motion for judgment on the pleadings, "[a claim] may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hawthorne*, 140 F.3d at 1370 (quoting *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)).

The "least sophisticated consumer" standard is used to evaluate whether demands for payment overshadows validation notice required by 15 U.S.C. § 1692g(a). *See McCray v. Deitsch and Wright, P.A.*, 356 F. Supp. 3d 1358, 1361 (M.D. Fla. 2019) (citing *Leonard v. Zwicker & Assocs., P.C.*, 713 Fed. App'x 879, 882 (11th Cir. 2017) (unpublished); *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). "The least-sophisticated consumer standard takes into account that consumer-protection laws are not made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th

Cir. 2014) (internal citation and quotations omitted). "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id*. at 1259 (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010)). The determination of whether the language contained within a collection letter overshadows or is inconsistent with the required validation notice is a question of law. *Simek*, 323 F. Supp. 2d at 1349. In accordance with the least sophisticated consumer standard, the validation notice does not overshadow and is not inconsistent with Plaintiffs' rights pursuant to 15 U.S.C. § 1692g(b).

> **II.   MFS Complied with the Validation Notice Requirements**

The FDCPA requires that debt collectors notify consumers in the initial communication, or within five days after the initial communication, in connection with the collection of any debt: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the validity of the debt within thirty days of the notice, the debt will be presumed valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt is disputes, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and (5) a statement that, upon a consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(1)-(5).

The Seventh and Second Circuits in *Miller*, *supra*, and *Avila*, *supra*, have held that a debt collector should state the total amount of the principal and include interest and fees from the date the letter was sent to ensure compliance with § 1692g(a). In addition, if the debt could continue to accrue interest or fees, the letter must inform the consumer accordingly. The Eleventh Circuit has

not addressed the issue of whether a statement of the amount of the debt, pursuant to § 1692g(a)(1), must inform the consumer that the debt will continue to accrue interest and fees. Several district courts in Florida, however, have adopted the precedent set by *Miller* and *Avila*. *See Pimentel v. Nationwide Credit, Inc.*, No. 17-20226, 2017 WL 5633310, at *3 (S.D. Fla. Nov. 13, 2017); *Bryant v. Aargon Collection Agency, Inc.*, No. 17-cv-14096, 2017 WL 2955532, at *6 (S.D. Fla. June 30, 2017); *Anselmi v. Shendell & Assocs., P.A.*, No. 12-61599, 2014 WL 5471111, at *2-3 (S.D. Fla. Oct. 29, 2014); *Pratt v. I.C. System, Inc.*, No. 05-60678, 2006 WL 8432175, at *4-5 (S.D. Fla. May 10, 2006).

The court in *Miller* created safe harbor language regarding "the amount of the debt" to account for the fact that interest and fees may accrue or change over time in order to discharge a debt collector's duty to state the amount due. *Miller*, 214 F.3d at 876. The form safe harbor language recommended in *Miller* reads:

> As of the date of this letter, you owe $__ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

*Id.*; *see also Pratt*, 2006 WL 8432175, at *5 (the use of similar language to the *Miller* safe harbor text complied with the requirements of § 1692g(a)(1)). The purpose of this safe harbor language is to notify consumers that their account balance may increase due to interest and fees, and to prevent misleading the least sophisticated consumer from believing that paying the principal amount stated in the letter will satisfy the debt. *Avila*, 817 F.3d at 76.

In *Bryant*, the court, citing *Miller* and *Avila*, held that the collection letter sent by the defendant contained the appropriate safe harbor language. *Bryant*, 2017 WL 2955532, at *6. There,

5

the letter stated:

> As of the date of this letter, you owed the Total Balance Due listed above. This amount may vary due to payment and/or accrual of interest. Because of interest that may vary from day to day the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collection. For further information you may contact our office at (800) 280-1183 ext 333.

*Id*., at *5. In finding that the safe harbor language did not violate § 1692e, the court reasoned that "multiple courts have explicitly approved the phrasing used by [the defendant]." *Id*., at *6.

Likewise, in *Pratt*, the court held that the defendant's safe harbor language was in accordance with *Miller*. *Pratt*, 2006 WL 8432175, at *5. There, the defendant's collection letter stated:

> The amount reflected above is the amount you owe as of the date of this letter. This amount may change due to interest or other charges added to the account after the date of this letter.

*Id*., at *1. In approving the language contained in the letter pursuant to § 1692g(a)(1), the court reasoned that "[i]t would be impossible for Defendant to state the amount due with any more specificity absent knowledge on its part of the exact day Plaintiff would receive the letter." *Id*., at *5.

Here, the Letter contains similar safe harbor language referenced in *Miller* and *Avila* and adopted by district courts in Florida. MFS informed Plaintiffs in the Letter dated May 22, 2018 that the amount due may increase because of the accrual of interest and fees. Doc. 1-2. MFS has complied with the requirements of § 1692g(a) by stating the total amount due, including interest and fees, as of the date the letter was sent, and also stating that the balance may increase due to interest and fees. *See Pratt*, 2006 WL 8432175, at *5 (holding that the safe harbor language adequately stated the amount due as of the date of the letter, which may change due to interest and

6

fees).

### III. The Letter Does Not Overshadow and Is Not Inconsistent with Plaintiffs' Right to Dispute or Verify the Debt

Plaintiffs' claim that the Letter sent by MFS overshadowed and was inconsistent with the validation notice is without merit. To satisfy the requirements of § 1692g, the debt validation notice must be effectively conveyed to the debtor. *See Walsh v. Jon B. Sage, P.A.*, No. 05-61951, 2006 WL 8431662, at *5 (S.D. Fla. May 17, 2006); *see also Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) ("A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message"). As an initial matter, it is unclear from the Complaint whether the alleged violations of 15 U.S.C. §§ 1692e, 1692f and 1692g relate to the purported "Payment Demand" or "Fee Claim" referenced in the Complaint. Doc. 1, ¶¶ 14-15. The Complaint mentions the "Fee Claim" in Plaintiffs' factual allegations, but makes no further mention of the "Fee Claim." *See* Doc. 1, ¶¶ 15-17, 19. Plaintiffs, however, specifically allege that the "Payment Demand" overshadowed or was inconsistent with the validation notice. Doc. 1, ¶ 33. Nevertheless, DNF moves for judgment on the pleadings as it relates to all claims of overshadowing the validation notice embedded in said alleged violations.

Here, the Letter attached to the Complaint as Exhibit B clearly explains Plaintiffs' validation rights pursuant to § 1692g(a). Doc. 1-2. In addition, the language utilized by MFS regarding the notice mirrors the statutory text of § 1692g(a)(3)-(5). *Id*. Notably, the validation notice is contained in the first paragraph of text before any text regarding information concerning the amount of the alleged debt. It is plainly apparent that the validation notice is prominently placed in the first paragraph of text, in the middle of the page, and in the same typeface and point as the remainder of the text of the Letter.

Plaintiffs complain that the language of the second paragraph overshadows and is

7

inconsistent with the validation notice. The language Plaintiffs take issue with is:

> Monterey Financial will accept the above stated balance in full satisfaction of the debt if payment is received by 05/27/2018. Please be advised that in the event payment is not received by this 05/27/2018, the amount due may increase by the accrual of additional interest and fees.

Doc. 1-2. Plaintiffs improperly style the safe harbor language as a "Payment Demand." Doc. 1, ¶14. Contrary to Plaintiffs' characterization, the language is clear that no actual demand for payment was made by MFS. Furthermore, the language does not overshadow and is not inconsistent with the validation notice. Rather, it simply informs Plaintiffs that the amount of the debt may increase as required by *Miller* and *Avila*.

In addition, none of the language used by MFS conveys the impression of urgent or immediate action to pay within thirty days. *See e.g. Russell*, 74 F.3d at 34-35. The Letter merely advises Plaintiffs that after May 27, 2018 the balance of the alleged debt may increase due to fees or interest. *See McMurray v. ProCollect, Inc.*, 687 F.3d 665, 671 (5th Cir. 2012) (informing debtors of possible negative consequences of failing to pay does not overshadow validation notice); *see also Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 418, fn. 7 (7th Cir. 2005) ("Undeniably, one way to encourage someone with a true dispute to come forward and resolve that dispute is to inform him of the possible negative consequences of his continued inaction."). The so-called "Payment Demand" is nothing more than the required notice that the debt may increase due to interest and fees.

### a. § 1692e Claims

The FDCPA prohibits a debt collector from using false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C. § 1692e. As discussed above, the letter contains safe harbor language in conformance with *Miller* and *Avila* that states

8

the amount of the debt at the time the letter was sent pursuant to the FDCPA's validation notice requirements. Generally, "the analysis of whether a representation is deceptive to the least sophisticated consumer has two steps." *Bryant*, 2017 WL 2955532, at *5.

> First, the court assumes *arguendo*, without deciding, that the least sophisticated consumer might be deterred from pursuing his or her rights to dispute the debt by the debt collector's representation. Second, the court asks whether or not the same implication would arise without the allegedly deceptive representation.

*Id.* (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014)) (internal quotations omitted). "The fact that a debt may accrue interest is a 'truism,' generally known by even the least sophisticated consumer." *Id.* (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004)); *see also Avila*, 817 F.3d at 76 (the use of safe harbor language will alleviate the concern about the use of interest and fees to coerce consumers into paying their debts). Given that the safe harbor language of the Letter at issue contains a statement that the amount of the subject debt "may" increase due to additional interest and fees, the safe harbor language is not deceptive or false, and does not overshadow and is not inconsistent with Plaintiffs' right to dispute the debt, which was clearly stated in the beginning of the text of the Letter.

### b. § 1692f Claim

The FDCPA also prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. As addressed above, the use of the safe harbor language has been approved by the Second and Seventh Circuits and adopted by the Florida district courts. Here, the use of the safe harbor language to advise Plaintiffs that the amount of the debt may increase is not an unfair or unconscionable means of collecting a debt. To the contrary, *Miller* and *Avila* were decided with the goal of ensuring that the consumer would have adequate information regarding the amount of the debt owed to the creditor.

### c. § 1692g Claim

Plaintiffs' claim that MFS "[failed] to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer." Doc. 1, ¶ 34. § 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b). According to the Complaint, the Letter appears to be the only communication sent from MFS to Plaintiffs. The Letter, on its face, contains a distinct debt verification notice, the substance of which mirrors the requirements set forth in § 1692g(a). In addition, the safe harbor language does not demand any action within a specified time period or payment within a concrete period of time shorter than the thirty-day validation period. *See Rafferty v. Retrieval-Masters Creditors Bureau, Inc.*, No. 5:17-cv-00426-PGB-PRL, 2019 WL 10262399, at *3-4 (M.D. Fla. Feb. 15, 2019); *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). There is no confusion that Plaintiffs had thirty days to dispute the debt or request validation of the debt in writing pursuant to § 1692g(b). Accordingly, the Letter does not overshadow and is not inconsistent with the validation notice requirements.

Indeed, "the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Rafferty*, 2019 WL 10262399, at *3 (quoting *LeBlanc*, 601 F.3d at 1194) (internal quotations omitted). As discussed above, the letter is devoid of any demands to make immediate payment or take any adverse action against Plaintiffs for nonpayment.

As the least sophisticated consumer standard is an objective test, MFS has demonstrated that the inclusion of the required safe harbor language does not overshadow and is not inconsistent

with the validation notice. In fact, the language that Plaintiffs contend overshadows the validation notice is similar to the safe harbor language created in *Miller* and adopted by several district courts in Florida to ensure compliance with § 1692g(a)(1). Accordingly, Plaintiffs claims that MFS violated 15 U.S.C. §§ 1692e, 1692f and 1692g are without merit, and the Court should, therefore, grant MFS' motion for judgment on the pleadings with respect to Plaintiffs' overshadowing claim.

## CONCLUSION

For the foregoing reasons, MFS respectfully requests that this Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiffs' claim that MFS violated 15 U.S.C. §§ 1692e, 1692f and 1692g as MFS' safe harbor language does not overshadow and is not inconsistent with the validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

DATED: June 11, 2019

*/s Alessandro A. Apolito*
Alessandro A. Apolito, Esq.
Florida Bar Number: 0084864
Lippes Mathias Wexler Friedman LLP
822 N A1A, Suite 101
Ponte Vedra Beach, Florida 32082
P: 904-660-0020
F: 904-660-0029
Primary E-Mail: aapolito@lippes.com


Brendan H. Little, Esq. (*Pro Hac Vice*)
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

*Attorneys for Defendant, Monterey Financial Services, LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this June 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system in compliance with Rule 5(b)(3), Federal Rules of Civil Procedure, including:

Robert W. Murphy
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 3316
rwmurphy@lawfirmmurphy.com

              */s/ Alessandro Apolito*
               Attorney